IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEY GAYDUCHIK,                          Case No. 2:09-cv-03524 JAM-GGH

       Plaintiff,                      ORDER GRANTING DEFENDANTS'
                                                  MOTION TO DISMISS

     v.

COUNTRYWIDE HOME LOANS, INC.;
CTC REAL ESTATE SERVICES;
CWALT, INC.; BANK OF NEW YORK;
and DOES 1-50, inclusive,

       Defendants.
_____/

    This matter comes before the Court on Defendants

Countrywide Home Loans, Inc., CTC Real Estate Services, CWALT,

Inc., and Bank of New York's (collectively "Defendants") Motion

to Dismiss Plaintiff Sergey Gayduchik's ("Plaintiff") Complaint

for failure to state a claim pursuant to Federal Rule of Civil

Procedure 12(b)(6). Plaintiff opposes the motion.[1] Defendants

---

[1] This motion was determined to be suitable for decision without
oral argument. E.D. Cal. L.R. 230(g).

1

also filed a Request for Judicial Notice ("RJN"), and the Court takes judicial notice of all documents as requested.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff entered into a loan agreement with Defendant Countrywide Home Loans ("Countrywide"), on December 9, 2004. The loan was secured by the deed of trust to his property at 8430 Helsinki Way, Antelope, California ("the subject property"). The Complaint alleges that Defendant CTC Real Estate Services regularly acts as a trustee for mortgage loans issued by Countrywide, and Defendants CWALT, Inc. and Bank of New York perform "special functions in relation to mortgage loans issued by Countrywide." (Complaint ¶¶ 3-6, Exhibit 1 to Doc #1). A Notice of Default and a Notice of Trustee's Sale were recorded in 2008. Plaintiff alleges that he was placed into an improper loan, he does not understand its terms, his income may have been overstated by the loan broker in order to acquire it, and he cannot afford it. Accordingly, Plaintiff brings numerous state statutory and common law causes of action against Defendants.

Plaintiff originally filed this action in Sacramento Superior Court (Case No. 34-2009-00064837). On December 21, 2009, Defendants timely filed a motion to remove the case, claiming this Court has original jurisdiction over the case

under 28 U.S.C. § 1331 because Plaintiff alleged violations of federal law within his state claims. Plaintiff then filed a motion to remand and request for attorney's fees on January 5, 2010. Plaintiff's motion to remand was denied following a hearing. For the reasons explained below, Defendants' Motion to Dismiss is granted.

II.   OPINION

A.   Legal Standard

   1.   Motion to Dismiss

      A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face," Twombly, 550 U.S. at 570, and it is inappropriate

to "assume that the [plaintiff] can prove facts that [he or she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L. Ed. 2d 723 (1983). Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." <u>Eminence Capital, L.L.C. v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2002).

In general, a court may not consider materials other than the facts alleged in the complaint when ruling on a motion to dismiss. <u>Anderson v. Angelone</u>, 86, F. 3d 932, 934 (9th Cir. 1996). A court may, however, consider additional materials if the plaintiff has alleged their existence in the complaint, the documents are central to Plaintiff's claims, and their authenticity is not disputed. <u>See</u> <u>Branch v. Tunnell</u>, 14 F. 3d 449, 454 (9th Cir. 1994), <u>overruled on other grounds by</u> <u>Galbraith v. County of Santa Clara</u>, 307 F. 3d 1119 (9th Cir.

2002). Defendants request the Court judicially notice six exhibits, and Plaintiff does not challenge the authenticity of these exhibits. The exhibits consist of the loan documents related to Plaintiff's loan transaction. Accordingly, the Court takes these exhibits into consideration.

1. <u>Breach of Covenant of Good Faith and Fair Dealing</u>

Defendants correctly assert that Plaintiff's claim for a breach of the covenant of good faith and fair dealing is not based on alleged violations of any of the express terms of the contract, and therefore Plaintiff's claim fails as a matter of law. Indeed, the implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." <u>Agosta v. Astor</u>, 120 Cal. App. 4th 596, 607 (2004)). Because Plaintiff has not, and cannot based on the circumstances of this case, state a claim for a breach of the covenant of good faith and fair dealing, Plaintiff's claim is dismissed with prejudice.

2. <u>Deceit</u>

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce

reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 12 Cal.4th 631, 638 (quoting 5 Witkin, Summary of Cal.Law (9th ed. 1988) Torts, § 676, p. 778).

Defendants properly assert that an alleged statement that the loan provided to Plaintiff was the "best loan" for him is not actionable. Though Plaintiff claims he was deceived regarding the terms of the loan, a person who knows the true facts cannot be said to have reasonably relied on a misstatement of those facts. Ostayan v. Serrano Reconveyance Co., 77 Cal. App. 4th 1411, 1418-19 (2000). Fraud allegations can be contradicted by judicially noticeable documents. Lomboy v. SCME Mortg. Brokers, 2009 WL 1457738 at *4 (N.D. Cal. May 26, 2009). Plaintiff signed the loan documents and is accordingly deemed to be aware of the terms he assented to. See Randas v. YMCA of Metro. L.A., 17 Cal. App. 4th 158, 163 (1993). Therefore Plaintiff has not, and cannot, state a claim for deceit. Plaintiff's claim for deceit is dismissed with prejudice.

3. Violation of California's Unfair Competition Law

Plaintiff alleges violation of the Unfair Competition Law, however Defendants' alleged conduct does not fall within the proscribed conduct of California Civil Code §§ 17200, et seq. Accordingly, Plaintiff's claim for a violation of

California's Unfair Competition Law fails as a matter of law and is dismissed with prejudice.

### 4. Promissory Estoppel

Plaintiff alleges that he justifiably and detrimentally relied on false promises, representation, and assurances of Defendants. However, the complaint fails to provide any facts to substantiate his promissory estoppel claim, providing nothing more than mere legal conclusions. Furthermore, as explained above, a person who knows the true facts cannot be said to have reasonably relied on a misstatement of those facts. Ostayan v. Serrano Reconveyance Co., 77 Cal. App. 4th 1411, 1418-19 (2000). As Defendants note, Plaintiff fails to respond to the dismissal of promissory estoppel argument in his reply to Defendants' motion. Plaintiff's conclusory allegations cannot withstand a motion to dismiss, and Plaintiff's claim for promissory estoppel is dismissed with prejudice.

### 5. Fraud by Intentional Misrepresentation

Plaintiff's claim for fraud by intentional misrepresentation fails for the same reasons as Plaintiff's deceit claim. Accordingly, Plaintiff's fraud by intentional misrepresentation is dismissed with prejudice.

6.   <u>Fraud by Concealment</u>

To state a claim for fraud by concealment, a plaintiff must assert that the "defendant [was] under a duty to disclose the fact to the plaintiff." <u>See</u> <u>Blickman Turkus, LP v. MF Downtown Sunnyvale, L.L.C.</u>, 162 Cal. App. 4th 858, 868 (2008). Because Plaintiff did not, and cannot, establish this essential element, as Defendants properly assert, Plaintiff's claim for fraud by concealment is dismissed with prejudice.

7.   <u>Restitution for Unjust Enrichment</u>

Defendants properly assert that Plaintiff has not, and cannot, allege that Plaintiff conferred some kind of unjust benefit on Defendants, as demonstrated by the documents provided by Defendants. Accordingly, Plaintiff's claim for restitution is dismissed with prejudice.

8.   <u>Slander of Title</u>

The recording of a Notice of Default and Notice of Trustee's sale cannot support a slander of title claim, as these are privileged acts. <u>Accord</u> <u>Lal v. American Home Servicing</u>, 2010 WL 225524 at *5 (E.D. Cal. Jan. 19, 2010). As Defendants properly assert, Plaintiff has not, and cannot, meet the requisite elements to sustain a claim for slander of title.

Accordingly, Plaintiff's claim for slander of title is dismissed with prejudice.


9.   <u>Quiet Title</u>

Plaintiff has not alleged in his complaint that he is able to tender, a prerequisite to a claim to quiet title. <u>Accord Pagtalunan v. Reunion Mortgage, Inc.</u>, 2009 WL 961995 at *5 (N.D. Cal. April 8, 2009). Moreover, Plaintiff bases his claim to quiet title on his slander of title claim, which is not cognizable. Accordingly, Plaintiff's claim to quiet title is dismissed with prejudice.


10. <u>Violation of California's Rosenthal Act</u>

Plaintiffs bring a claim under the Rosenthal Fair Debt Collection Practices Act. However, foreclosure does not constitute debt collection under California's Rosenthal Fair Debt Collection Practices Act. <u>Izenberg v. ETS Servs., L.L.C.</u>, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (citations omitted)). Accordingly, Plaintiff's claim for a violation of California's Rosenthal Act is dismissed with prejudice.


11. <u>Civil Conspiracy</u>

Defendants properly assert that Plaintiff cannot maintain a cause of action for civil conspiracy, as "it is not an

independent tort." <u>See</u> <u>Applied Equipment Corp. v. Litton Saudi</u> <u>Arabia, Ltd.</u>, 7 Cal.4th 503, 510-11 (1994). As the California Court of Appeal stated: "By its nature, tort liability arising from conspiracy presupposes that the coconspirator is legally capable of committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is potentially subject to liability for breach of that duty." <u>Id.</u> at 511. As previously mentioned, Defendants do not owe a duty to Plaintiff based on their relationship. Plaintiff therefore cannot maintain a claim for civil conspiracy. Accordingly, Plaintiff's claim for civil conspiracy is dismissed with prejudice.

  12. <u>Declaratory Relief</u>

     Defendants properly assert that "Plaintiff's declaratory relief claim involves Defendants' right to foreclosure and power of sale. These issues are resolved by other claims." Def. Mo. to Dismiss at 16. Moreover, declaratory relief does not serve to "furnish a litigant with a second cause of action for the determination of identical issues." <u>General of Am. Ins. Co. v.</u> <u>Lilly</u>, 258 Cal. App. 2d 465, 470 (1968). Accordingly, Plaintiff's claim for declaratory relief is dismissed with prejudice.

13. <u>Rescission/Cancellation of Void Instrument</u>

The Court agrees with Defendants that Plaintiff's claim for rescission/cancellation of a void instrument fails. "[R]escission is not a cause of action; it is a remedy." <u>Nakash v. Superior Court</u>, 196 Cal. App. 3d 59, 70 (1987) (citations omitted). Moreover, as discussed above, Plaintiff cannot allege tender in order to properly seek a remedy of rescission. Accordingly, Plaintiff's claim for rescission/cancellation of a void instrument is dismissed with prejudice.

14. <u>Preliminary and Permanent Injunctive Relief</u>

Injunctive relief is a remedy which must rely upon underlying claims. <u>Hafiz v. Greenpoint Mortgage Funding, Inc.</u>, 652 F.Supp.2d 1039 (N.D. Cal. 2009). Because all of Plaintiff's claims have been dismissed with prejudice, the cause of action for injunctive relief cannot stand. Accordingly, Plaintiff's claim for injunctive relief is dismissed with prejudice.

III. ORDER

For the reasons set forth above, Defendant's motion to dismiss is hereby GRANTED, WITH PREJUDICE.

IT IS SO ORDERED.

Dated: April 22, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE